# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| THOMAS E. STRAIGHT,<br><br>        Plaintiff,<br><br>vs.<br><br>MONTANA STATE, et al.,<br>        Defendants. | Cause No. CV 12-00050-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Currently pending are Plaintiff Thomas E. Straight's Motion for Leave to Proceed in Forma Pauperis (*Court Doc. 1*) and proposed Complaint (*Court Doc. 2*). Straight alleges he was unconstitutionally sentenced in Flathead County District Court in July 2009. His claims are barred by the doctrine set forth in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). The motion to proceed in forma pauperis will be granted and the Complaint recommended for dismissal.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant

to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983.

This proceeding was referred to this Court pursuant to Local Rule 72.2(a) and 28 U.S.C. § 636(b)(1).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Straight submitted a declaration and an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Straight is required to pay the statutory filing fee of $350.00. Straight submitted account statements showing average monthly deposits of $157.17 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $31.43 will be assessed by this Order. *See* 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct Montana State Prison to collect the initial partial filing fee and forward it to the Clerk of Court.

Thereafter, Straight will be obligated to make monthly payments of 20% of the preceding month's income credited to Straight's prison

trust account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct Montana State Prison to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2).

## III. STATEMENT OF THE CASE

### A. Parties

Straight is a prisoner incarcerated at Montana State Prison in Deerlodge, Montana. The named Defendant is the Montana Attorney General representing the State of Montana. (*Court Doc. 2, p. 4*).

### B. Allegations

Straight alleges his constitutional rights involving the 4th, 8th, and 18th Amendments have been violated by the unconstitutional sentencing in Flathead County District Court in approximately July 2009. (*Court Doc. 2, p. 5*).

## IV. PRESCREENING

### A. Standard

Straight is a prisoner proceeding in forma pauperis so his

Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

This is Straight's third attempt to challenge his conviction and sentence in federal court. He filed a similar complaint in 2010 alleging the State of Montana, Flathead County, Judge Kitty Curtis, and his public defender violated his Fifth and Fourteenth Amendment protections against double jeopardy when his probation was revoked in 2009 and he was sent back to prison. *(Civil Action 10-CV-40-M-DWM-JCL, Court Doc. 4)*. That case was dismissed pursuant to the *Heck* doctrine because his conviction had not been reversed, declared invalid, expunged, or called into question.

In 2011, Straight filed a habeas petition. In that case, the Court

laid out the background of Straight's claim as follows:

> In 2006, Straight was convicted of exploitation of an older person in Flathead County, Montana. He was sentenced to serve ten years, with eight suspended. Pet. (doc. 3) at 4 ¶ 15A. He discharged his two-year prison term on April 28, 2008. Compl. (doc. 2) at 7, Straight v. Montana, No. CV 10-40-M-DWM-JCL (D. Mont. Apr. 23, 2010). Allegedly because he could not obtain admission to a counseling program, he was taken back into custody in Yellowstone County on April 6, 2009, and transferred to Flathead County. On June 25, 2009, his suspended term was revoked, and he was returned to prison for the full, previously-suspended eight-year term. Pet. at 2 ¶¶ 1-4; Compl. at 9, Straight, No. CV 10-40-M; CONWeb, https://app.mt.gov/conweb (accessed May 17, 2011).
>
> Straight now contends that the imposition of both probation and a suspended sentence constituted double jeopardy. He also seems to complain that he did not receive credit for time served and that counsel failed to file a notice of appeal. Pet. at 4 ¶ 15A; Compl. at 7-8, Straight, No. CV 10-40-M; Resp. to Order (doc. 5) at 2.

(*Civil Action No. 11-CV-60-M-DWM-JCL, Court Doc. 6, pp. 1-2*). The petition was dismissed based upon statute of limitations and Straight did not appeal that decision.

Straight is once again attempting to challenge his sentence by filing a civil complaint. In *Heck v. Humphrey*, *supra*, the United States Supreme Court held that "in order to recover damages for an allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged.

Because Straight remains incarcerated on the charges he complain of, the Court concludes that his conviction has not been reversed, declared invalid, expunged, or called into question. Thus, he has failed to state a constitutional claim upon which relief may be granted.

## V. CONCLUSION

### A. Leave to Amend

For the reasons set forth above, Straight's Complaint fails to state a claim upon which relief may be granted. The defects discussed above could not be cured by the allegation of other facts. As such, Straight's Complaint should be dismissed without prejudice.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from

bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Whether a complaint dismissed pursuant to *Heck* constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). The Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal*, et al., 1:08-CV-01327-DMS-AJB (E.D. Cal. April 4, 2010); *Romero v. United States,* 2011 WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court recommends a dismissal pursuant to *Heck* be treated as a strike under 28 U.S.C. § 1915(g).

In addition, Straight's continued attempts to attack his conviction through Section 1983, after the Court has previously explained the law to him, is deemed frivolous.

This matter should constitute a strike under 28 U.S.C. § 1915(g).

### C.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any

issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Straight's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of these actions, Straight SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Straight has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

Straight's Motion to Proceed in forma pauperis (*Court Doc. 1*) is granted. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on April 16, 2012.

Further, the Court issues the following:

**RECOMMENDATION**S

1. Straight's Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Straight's failure to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect

that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Straight may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Straight files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Straight from relying on

that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of June, 2012.

                                         /s/ *Carolyn S. Ostby*
                                         United States Magistrate Judge