**FILED**

AUG 2 2 2012

PATRICK E. DUFFY CLERK
BY _____
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| THOMAS E. STRAIGHT, | ) | CV-12-50-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| MONTANA STATE, et al., | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Defendants. | ) | |

On June 26, 2012, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court dismiss the Complaint.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiff requested and was given an extension of time, until August 3, 2012, to file written objections. No objections were filed. Failure to object to a magistrate judge's

1

findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Straight alleges his constitutional rights involving the 4th, 8th, and 18th Amendments have been violated by the unconstitutional sentencing in Flathead County District Court in approximately July 2009. (*Court Doc. 2, p. 5*).

This is Straight's third attempt to challenge his conviction and sentence in federal court. He filed a similar complaint in 2010 alleging the State of Montana, Flathead County, Judge Kitty Curtis, and his public defender violated his Fifth and Fourteenth Amendment protections against double jeopardy when his probation was revoked in 2009 and he was sent back to prison. *(Civil Action 10-CV-40-M-DWMJCL, Court Doc. 4)*. That case was dismissed pursuant to the *Heck* doctrine because his conviction had not been reversed, declared invalid, expunged, or called into question.

In 2011, Straight filed a habeas petition. In that case, the petition was dismissed based upon statute of limitations and Straight did not appeal that decision. (*Civil Action No. 11-CV-60-M-DWM-JCL, Court Doc. 6, pp. 1-2*).

Straight is once again attempting to challenge his sentence by filing a civil complaint. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme

Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged.

Because Straight remains incarcerated on the charges he complains of, the Court concludes that his conviction has not been reversed, declared invalid, expunged, or called into question. Thus, he has failed to state a constitutional claim upon which relief may be granted.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Whether a complaint dismissed pursuant to *Heck* constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v.*

*Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). Based upon the nature of this case, and Straight's continued attempts to attack his conviction, this matter will constitute a strike under 28 U.S.C. § 1915(g).

Furthermore, Straight's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The Court certifies that any appeal of this matter would not be taken in good faith.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Straight's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g), based upon Straight's failure to state a claim upon which relief may be granted.

4. The Clerk of Court should is directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

5. The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 22nd day of August, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE